UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO GAVINO, et al.,<br><br>Defendants. | No. 1:18cr231 LJO<br><br>STIPULATION AND ORDER |

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. This matter was previously set for trial on March 10, 2020.
2. The parties agree to continue the matter to May 12, 2020, at 8:30 a.m., to continue plea negotiations, to reach a potential resolution, and to accommodate the schedule of Attorney Nicholas Reyes. Mr. Reyes has been consumed with extensive preliminary hearings and trials, including *People v. Valencia* (January 13 trial) in Fresno County Superior Court, *People v. Cascia* (January 23 to January 29 five-day preliminary hearing) in Fresno County Superior Court, *People v. Ojeda* (January 31 multi-defendant preliminary hearing) in Tulare County Superior Court, *People v. Fernandez* (February 20 preliminary hearing) in Kings County Superior Court, *People v. Mesa* (February 25 preliminary hearing) in Fresno

1

County Superior Court, *People v. Cedillo* (March 2 trial) in Fresno County Superior Court*, US v. Serrato Calles* (March 17 trial) in Eastern District of California, and *People v. Vazquez* (preliminary hearing) in Fresno County Superior Court.

    3.     The parties further agree and stipulate, and request that the Court find the following:

        a.     The parties need additional time to assess a potential disposition of the case and/or conduct additional investigation and/or prepare for trial.

        b.     The parties need additional time to ensure the availability and continuity of defense counsel.

        b.     The parties believe that failure to grant the above-requested continuance would deny the defendants the reasonable time necessary for effective resolution, further investigation, and/or trial preparation, taking into account the exercise of due diligence, and would deny the defense continuity of counsel.

        c.     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        d.     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., within which trial must commence, the time period of March 10, 2020, to May 11, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period

IT IS SO STIPULATED.

| | | | |
|---|---|---|---|
| 1 | DATED: | January 31, 2020. | Respectfully submitted, |
| 2 | | | |
| 3 | | | McGREGOR W. SCOTT<br>United States Attorney |
| 4 | | | /s/ Karen A. Escobar |
| 5 | | | KAREN A. ESCOBAR<br>Assistant United States Attorney |

DATED:    January 31, 2020.

/s/ Nicholas Reyes
NICHOLAS REYES
Counsel for Defendants

**O R D E R**

Having reviewed the stipulation of the parties, and with the exclusion of time also being based upon 18 U.S.C. § 3161(h)(7)(B)(iv),

IT IS SO FOUND AND ORDERED.

IT IS SO ORDERED.

Dated:   **January 31, 2020**                    _Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3