PHILLIP A. TALBERT
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00231-JLT-SKO |
| Plaintiff, | STIPULATION REGARDING TRIAL SETTING AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| PEDRO GAVINO AND PEDRO GAVINO-ROBLES, | DATE: January 18, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |
| Defendants. | |

**BACKGROUND**

This case is set for a status conference on January 18, 2023. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for a status conference on January 18, 2023.

2.      By this stipulation, defendant now moves to set the matter for trial on November 7, 2023, at 8:30 a.m., vacate the status conference, and exclude time between January 18, 2023, and November 7, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports produced in electronic form.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.  In addition, plea offers were sent to the defense in December 2018.

b)      Counsel for defendants has a series of trials set for most of 2023 but is available on November 7, 2023.

c)      Counsel for defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into

1   account the exercise of due diligence.

2          d)      The government does not object to the continuance.

3         In addition to the public health concerns cited by the General Orders and presented by the

4   evolving COVID-19 pandemic, and subvariant surges, an ends-of-justice delay is particularly apt

5   in this case because, in this district, the Court has begun to schedule a limited number of trials

6   with several precautions designed to protect trial participants from possible infection with the

7   coronavirus.  For example, the Court plans to hold only one trial per floor at one time, thus

8   limiting the number of trials that can be safely scheduled at any given time.

9          e)      Based on the above-stated findings, the ends of justice served by continuing the

10   case as requested outweigh the interest of the public and the defendants in a trial within the

11   original date prescribed by the Speedy Trial Act.

12          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

13   et seq., within which trial must commence, the time period of January 17, 2023 to November 7,

14   2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

15   T4] because it results from a continuance granted by the Court at defendant's request on the basis

16   of the Court's finding that the ends of justice served by taking such action outweigh the best

17   interest of the public and the defendant in a speedy trial.

18       4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

19   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

20   must commence.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

IT IS SO STIPULATED.

Dated:  January 10, 2023                    PHILLIP A. TALBERT
                                           United States Attorney


                                           /s/ KAREN A. ESCOBAR
                                           KAREN A. ESCOBAR
                                           Assistant United States Attorney


Dated:  January 10, 2023                   /s/ NICHOLAS F. REYES
                                           NICHOLAS F. REYES
                                           Counsel for Defendants
                                           PEDRO GAVINO
                                           PEDRO GAVINO-ROBLES


**ORDER**

IT IS SO ORDERED.




DATED:  1/10/2023          *Sheila K. Oberto*
                           THE HONORABLE SHEILA K. OBERTO
                           UNITED STATES MAGISTRATE JUDGE